**WO**   JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodolfo Moreno, | No. CV 08-0619-PHX-SMM (ECV) |
| Petitioner, | **ORDER** |
| vs. | |
| Immigration and Customs Enforcement, | |
| Respondent. | |

On June 28, 2005, Petitioner filed a *pro se* Petition for Writ of Mandamus in the United States District Court for the District of Columbia. On December 16, 2005, that court granted Respondent's motion to transfer the action to the District of Arizona where Petitioner was then confined. Petitioner filed a notice of appeal, which the United States Court of Appeals for the District of Columbia construed as a petition for a writ of mandamus. The court of appeals denied the writ on June 23, 2006, but the action was not actually transferred to this Court until March 31, 2008. The reason for the delay is not apparent from the record.

On April 1, 2008, the Clerk of Court sent a Notice of Assignment (Doc. #26) to Petitioner at his last known address at the Federal Correctional Institution in Phoenix, Arizona. On April 7, 2008, the Notice was returned as undeliverable. (Doc. #27.) The Court will, therefore, dismiss the action without prejudice for failure to prosecute.

Under Rule 83.3(d) of the Local Rules of Civil Procedure, an unrepresented party is required to file a notice of change of address within five days after the effective date of the

1  change. "A party, not the district court, bears the burden of keeping the court apprised of any
2  changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).
3  Because Petitioner has not filed a notice of change of address, an order to show cause why
4  this action should not be dismissed for failure to prosecute would be futile. See Carey, 856
5  F.2d at 1441 ("An order to show cause why dismissal is not warranted or an order imposing
6  sanctions would only find itself taking a round trip tour through the United States mail.").
7  Accordingly,

8  **IT IS ORDERED** that this action is **dismissed** without prejudice pursuant to Rule
9  41(b) of the Federal Rules of Civil Procedure. The Clerk of Court must enter judgment
10 accordingly.

11 DATED this 18th day of June, 2008.

_____
Stephen M. McNamee
United States District Judge